UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DS, *an, infant, by and through her Parent and Natural Guardian CS*; and CS, *individually, on her own behalf,*

                                        Plaintiffs,

vs.

BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT; BARBARA DEAN-WILLIAMS, *individually and in her official capacity as former Superintendent of the Rochester City School District*; KARL KRISTOFF, *individually and in his official capacity as General Counsel of the Rochester City School* District; FATIMAT REID, *individually and in her official capacity as Chief of Staff of Rochester City School District*; SHEELARANI WEBSTER, *individually and in her official capacity as Principal of School No. 58*; CHARLES SMITH, *individually and in his official capacity as Assistant Principal of School No. 58*; KIM GARLOCK, *individually and in his official capacity as Assistant Principal of School No. 58*; AMY MARTIN, *individually and in her official capacity as a teacher at School No. 58*; NANCY RESTO, *individually and in her official capacity as Administrative Assistant to the Principal of School No. 58*; SHELLY BOYD, *individually and in her official capacity as a Parent Liaison at School 58*; JESSICA FLANDERS, *individually and in her official capacity as a teacher at School No. 58*; ELIZABETH CAVENY, *individually and in her official capacity as a teacher at School No. 58*; NICOLE MCCOY, *individually and in her official capacity as a teacher at School No. 58*; MEGAN CARLETT, *individually and in her official capacity as a teacher at School No. 58*; VALERIE TARRAGROSSA, *individually and in her official capacity as an employee of the Center for Youth Services on contract to the Rochester City School*

DECISION AND ORDER

19-CV-6528-EAW-MJP

---

1

*District*; YOLANDA WADE, *individually and in her official capacity as a district level employee of the Rochester City School District*; IDONIA OWENS, *individually and in her official capacity as a district level employee of the Rochester City School District*; ERICA DEMING, *individually and in her official capacity as a psychologist for Rochester City School District*; RENEE JOYNER, *individually as Parent Liaison for the Rochester City School District*; and NYREE WIMS-HALL, *individually as Assistant Principle at School No. 58.*

                                            Defendants.

**Pedersen, M.J.** Before the Court is Plaintiffs' application seeking a protective order and an order compelling the production of discovery. (Notice of Motion, Aug. 29, 2023, ECF No. 125.) By operation of Local Rule of Civil Procedure 7, any opposition to the motion was due by September 12, 2023. Seeing no opposing papers filed, the Court took the motion under advisement on September 26, 2023. Evidently upon seeing the order taking the matter under advisement, defense counsel contacted chambers notifying the Court of an intention to seek leave to file responsive papers.

      At 5:27 p.m., Bryan Daniels, Esq., and at 11:21 p.m. Mallory Smith, Esq., each filed applications. Mr. Daniels seeks an extension of the motion response deadline under Federal Rule of Civil Procedure 6 (Notice of Motion, Sept. 26, 2023, ECF No. 133). Ms. Smith seeks similar relief (Mallory K. Smith letter to the Court (Sept. 26, 2023), ECF No. 134). Ms. Smith's application states: "Counsel for Plaintiffs was notified of the aforementioned request, but a response has not been received to date." (*Id* at 2.) Plaintiff's counsel timely responded and interposed no objection to an extension of time to allow Defendants to respond, if enough time was granted to him to reply, because Defendants have recently provided over 1,770 pages of discovery materials, some of which may be responsive to the motion to compel.

2

> The Court considers the matter under Federal Rule of Civil Procedure 6(b).
>
> Rule 6 permits a district court to extend an expired deadline "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an "elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (quoting 4AC. Wright & A. Miller, Federal Practice and Procedure, § 1165 (2d ed. 1987)). The Supreme Court has found the following factors among those relevant to evaluating excusable neglect: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 395. "[W]e and other circuits have focused on the third factor . . . ." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (citing *Pioneer*, 507 U.S. at 395).

*Luo v. Baldwin Union Free Sch. Dist.*, 677 F. App'x 719, 720 (2d Cir. 2017) (summary order). Upon consideration of the factors set out above, the Court finds that Defendants have provided a sufficient basis for granting each application for an extension. Accordingly, the Court

GRANTS Valerie Torregrossa's application (ECF No. 133) for an extension of time; and

GRANTS the application (ECF No. 134) of

Rochester City School District, Board of Education of the Rochester City School District, Barbara Deane-Williams, Individually and in Her Official Capacity as Former Superintendent of the Rochester City School District, Fatimat Reid, Individually and in Her Official Capacity as Chief of Staff of Rochester City School District, Sheelarani Webster, Individually and in Her Official Capacity as Principal of School No. 58, Charles Smith, Individually and in His Official Capacity as Assistant Principal of School No. 58, Kim Garlock, Individually and in His [*sic*] Official Capacity as Assistant Principal of School No. 58, Amy Martin, Individually and in Her Official Capacity as a Teacher at School No. 58, Jessica Flanders, Individually and in Her Official Capacity as a Teacher at School No. 58, Megan Carlett, Individually and in Her Official Capacity as a Teacher at School No. 58, Yolanda Wade [*sic*], Individually and in her Official Capacity as a District Level

Employee of the Rochester City School District, Idonia Owens, Individually and in Her Official Capacity as a District Level Employee of the Rochester City School District, Erica Deming, Individually and in her Official Capacity as a Psychologist for Rochester City School District, Renee Joyner, individually as Parent Liaison for the Rochester City School District, and Nyree Wims-Hall, individually as Assistant Principal at School No. 58 (collectively, "RCSD Defendants") for an extension of time to file a response; and

    ORDERS, that collectively, Defendants' responses are to be filed and served by October 13, 2023; and

    ORDERS, that Plaintiffs' reply, if any, is to be filed and served by November 3, 2023; and

    ORDERS, that any request to extend these deadlines must comply with Fed. R. Civ. P. 6.

IT IS SO ORDERED.

Dated: September 28, 2023
       Rochester, New York

_____
MARK W. PEDERSEN
U.S. MAGISTRATE JUDGE